IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LEGACY DEVELOPMENT, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>DANILO S. PILLOS; MACRINA A. PILLOS; WENGIE M. PILLOS; JOHN AND JANE DOES 1-10,<br><br>Defendants. | Civ. No. 18-00265 JMS-RLP<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED TO STATE COURT BASED ON LACK OF SUBJECT MATTER JURISDICTION |

**<u>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED TO STATE COURT BASED ON LACK OF SUBJECT MATTER JURISDICTION</u>**

On May 25, 2018, Plaintiff Legacy Developments, LLC ("Legacy") filed a Complaint for Ejectment in the District Court of the Second Circuit, Wailuku Division, State of Hawaii ("State Case") against Defendants Danilo S. Pillos, Macrina A. Pillos, and Wengie M. Pillos ("Defendants"). ECF No. 1. Defendants removed the action to this court on July 9, 2018, asserting federal question subject matter jurisdiction. *Id*.

1

The removal statute, 28 U.S.C. § 1441(a), provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

The court must sua sponte review all removed actions to confirm that federal jurisdiction is proper. *See Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). "Removal and subject matter jurisdiction statutes are strictly construed, and a defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (quotation marks and citation omitted).

The Defendants are appearing *pro se*; consequently, the court will liberally construe their pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing *Boag v. MacDougall*, 454 U.S.

364, 365 (1982) (per curiam)).  Even liberally construed, however, the moving Defendants fail to establish a basis for the court's subject matter jurisdiction.

Removal is only proper when the district court has original jurisdiction either through diversity of citizenship or where the removed claims "aris[e] under the Constitution, laws, or treaties of the United States."  28 U.S.C. §§ 1331, 1441(b).  "For statutory purposes, a case can 'aris[e] under' federal law in two ways."  *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013).  The "vast bulk of suits that arise under federal law" are those where "federal law creates the cause of action asserted."  *Id.*  A second and "less frequently encountered" category of federal question jurisdiction cases are those asserting state law claims that "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312, 314 (2005); *see also Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).[1]

The Complaint does not provide a basis for federal question jurisdiction.  "The federal question must be disclosed upon the face of the

---

[1] In their Notice of Removal, Defendants suggest a third basis for federal question jurisdiction — the complete preemption doctrine.  That is, Defendants cite to the National Bank Act, a law that is subject to complete preemption.  *See Beneficial Nat. Bank v. Anderson*, 539 U.S. 1 (2003).  The problem with this suggestion, however, is that the Complaint does not allege a claim under the National Bank Act.

3

complaint, unaided by the answer or by the petition for removal." *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985) (citation omitted). And Plaintiff's Complaint alleges a single state law claim for ejectment.

Even if Plaintiffs believe that they have a defense or have alleged a counterclaim under federal law, defenses and counterclaims do not confer federal question jurisdiction. *See Dennis v. Hart*, 724 F.3d 1249, 1253 (9th Cir. 2013) (citing *Merrell Dow Pharm. Inc.*, 478 U.S. at 808) (stating that a federal defense is "inadequate to confer federal jurisdiction"); *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011) ("Federal jurisdiction cannot hinge upon defenses or counterclaims, whether actual or anticipated.").[2]

Given these deficiencies, the court orders Defendants to SHOW CAUSE, by August 3, 2018, why this action should not be remanded to State Court. This action will be remanded unless Defendants clearly demonstrate the basis of jurisdiction in federal court. Further, if Defendants fail to respond to the

///

///

---

[2] Nor does the Complaint provide a basis for diversity jurisdiction — *i.e.*, that the parties are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. And where, as here, an LLC is a party, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Thus, to establish diversity jurisdiction, the citizenship of all owners/members of an LLC must be alleged.

Order to Show Cause by August 3, 2018, this action will be remanded to State Court for lack of jurisdiction.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 12, 2018.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Legacy Development, LLC v. Danilo S. Pillos, et al.*, Civ. No. 18-00265 JMS-RLP, Order to Show Cause Why Action Should Not Be Remanded to State Court Based on Lack of Subject Matter Jurisdiction